THE JACKSONVILLE SOUTHEASTERN RAILWAY COM-PANY

v.

CLAUS F. CARLSEN.

*Railroads—Killing of Stock at Highway Crossing—Negligence—Statu-tory Signals.*

In an action against a railroad company to recover for the killing of stock at a highway crossing, this court declines to interfere with the finding of the court below for the plaintiff.

[Opinion filed November 30, 1888.]

APPEAL from the Circuit Court of Cass County; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for appellant.

Messrs. KETCHAM & GRIDLEY, for appellee.

WALL, P. J.   This suit was brought to recover damages for killing a cow and some hogs belonging to plaintiff, by the en-gines running over the railroad of defendant.   The case was

tried by the court, a jury being waived, and there was a judgment for plaintiff for $75. The only question is as to liability for the cow.

The declaration avers the cow was struck on a public highway crossing; that the employes in charge of the train might by the exercise of proper vigilance have seen the animal and avoided the collision, and that the statutory signals were not given eighty rods before the crossing was reached.

It appears that the engine in question had nothing but a tender attached and was running at a high rate of speed. The engineer and fireman, and a brakeman who was on the engine, say they saw several head of cattle pass over the crossing and then this cow came running in the same direction as the others.

She was not noticed until she was about on the track, not more than one hundred feet from the engine, when it was too late to stop. Two or three sharp sounds of the whistle were given, but the cow was struck and killed. These witnesses state the proper signals were given eighty rods before the crossing was reached and that the highway was lower than the railroad—how much lower we are not told—and that the highway is fenced on each side up to the right of way. The plaintiff had proved by several witnesses that they saw the collision and that if any signals were given, except the sounds of the whistle spoken of by the men on the engine when the cow was discovered, they did not hear them. The men on the engine do not say how much effort they had been making to ascertain that the track was clear or how much care they took to see whether the cattle were all across the track or whether there were any such obstructions to vision as would have prevented them from seeing the cow before she reached the track. According to all their testimony she was not more than one hundred feet ahead when they first saw her. No propositions of law were presented, and the only points for the court to decide were pure questions of fact, viz., whether there was an omission to give the statutory signals or to keep a proper look-out, and whether the collision was the proximate result of either of these matters of negligence. The same

effect is to be given this finding of the court as would be given the verdict of a jury.

This is the legal rule, and in a case like the present, where the question arises whether, admitting the negligence, the injury complained of was caused thereby, there is force in the suggestion that a finding by the court should be more persuasive than a verdict of a jury. All considerations being taken into account we do not feel warranted in setting aside the judgment and the same will therefore be affirmed.

*Judgment affirmed.*